JOHN THOMPSON, PETITIONER-DEFENDANT, v. G. CORREALE & SONS, INC., RESPONDENT-PROSECUTOR.

Submitted May 4, 1943—Decided August 16, 1943.

· Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Carpenter, Gilmour & Dwyer* (*Patrick A. Dwyer* and *James P. Beggans*).

For the defendant, *Max Atran.*

The opinion of the court was delivered by

DONGES, J. The writ of *certiorari* brings up a determination of the Hudson County Court of Common Pleas in a workmen's compensation case. The single question involved is whether the petitioner's employment was casual.

*R. S.* 34:15–36 defines an employee entitled to the benefit of the act as follows:

"Employee is synonymous with servant, and includes all natural persons who perform services for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring."

Obviously, in the instant case, petitioner was engaged in the employer's business. Did the employment occur by chance or purely by accident within the meaning of the statute?

The facts found by Judge Eastmead are supported by the testimony, and are as follows:

"The respondent-appellee was admittedly engaged in the business of manufacturing and installation of bowling alleys. On or about October 27th, 1942, he was moving bowling alley parts and equipment from Stanley's Alleys to the Bayonne Elks Club for installation at the latter place.

"Petitioner-appellant testifies he was hired by the respond-

ent-appellee to assist in the moving of bowling alley parts and equipment and was to be paid $5 a day. He says he was promised four or five days' work. However, he only worked one day, which was the day he was injured and for which he was paid $5. He never worked for the respondent-appellee at any other time, either before or after his injuries.

"It further appears from the testimony that the respondent-appellant had its regular staff of employees who were not sufficient to handle the job alone and therefore five colored men, of whom the petitioner-appellant was one, was hired to help out.

"While actually engaged in the business of the respondent-appellee, in the handling of the bowling alley parts and equipment, petitioner-appellant was struck by a passing vehicle and injured."

There can be no question but that the employment was in connection with the prosecutor's business. Did the *occasion* for the employment arise by chance or purely by accident? From all the evidence it cannot be said to have been either by chance or by accident. Even assuming that his work was to be for a single day, it is clear that petitioner was hired as an extra man for this job in accordance with the plans of the prosecutor and in carrying out its usual business. The *occasion*, therefore, was not by chance or accident, but was necessary to carry out prosecutor's usual business. The duration of the employment is not the test, but whether it was necessary to the carrying out of prosecutor's business in the usual way. *Mullen* v. *Walker*, 105 *N. J. L.* 199; *Price* v. *Price*, 9 *N. J. Mis. R.* 435. Clearly this was the usual business of the prosecutor. The only unusual feature of it was the amount of it and not the character of it. The mere fact that the amount of the work was unusual, requiring the employment of additional help, does not lead to the conclusion that the occasion for it arose by chance so that the employment would be casual, within the meaning of the statute.

We conclude that the testimony supports the finding of the Common Pleas that the employment was not casual within the meaning of the statute.

The writ will be dismissed, with costs.